# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JEFFERY WINN (#181260)**                                    **CIVIL ACTION**

**VERSUS**

**JOHN CUCCI**                                                      **NO. 16-43-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 30, 2018.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFERY WINN (#181260)                          CIVIL ACTION

VERSUS

JOHN CUCCI                                      NO. 16-43-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss (R. Doc. 10) filed on September 25,

2017. The deadline to file an opposition has expired. LR 7(f). Accordingly, the instant Motion

is deemed to be unopposed.

I.      Background

Jeffery Winn ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this

action on January 20, 2016, naming as the sole defendant John Cucci ("Defendant"), who is also

proceeding *pro se*. (R. Doc. 1). Plaintiff subsequently amended his Complaint. (R. Doc. 4, "Am

Compl.").

Plaintiff seeks an order modifying an arbitration award pursuant to the Federal

Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*.

Plaintiff asserts that this Court has diversity jurisdiction over this action pursuant to 28

U.S.C. § 1332 on the basis that he is a citizen of Louisiana, Defendant is a citizen of New York,

and the amount in controversy exceeds $75,000.

On December 5, 2005, Plaintiff entered into a written contract with Defendant for legal

services, which included a $30,000 fixed fee to defend Plaintiff against the charge of 2nd degree

murder in Caddo Parish, Louisiana, and paid $36,270 to Defendant. (Am. Compl. ¶ 2). Plaintiff

also hired Defendant to handle a separate Texas civil forfeiture matter and agreed to pay one

third of the $8,041 recovered (or $2,680) to Defendant, but Defendant retained the remaining

$5,361 for his own use. (Am. Compl. ¶ 3). In total, Defendant received $44,311 from Plaintiff.

(Am. Compl. ¶ 4).

On March 13, 2012, the Louisiana Supreme Court suspended Defendant from the practice

of law for a period of three years, and placed reinstatement in the practice of law in Louisiana

contingent on full restitution to six clients, including Plaintiff. *In re Cucci*, 85 So.3d 62 (La.

2012).

At some point, the parties entered into an arbitration under the auspices of the Louisiana

State Bar Association, with E. Phelps Gay serving as the sole Arbitrator. (R. Doc. 1-1). On

February 23, 2015, having heard evidence regarding the fees received and/or retained for

services regarding the Caddo Parish criminal proceeding and the Texas civil forfeiture matter,

the Arbitrator concluded that "[Defendant] should refund to [Plaintiff] the sum of $10,000.00,

representing attorney's fees and expenses excessively or improperly charged to [Plaintiff]." (R.

Doc. 1-1 at 6).

On January 20, 2016, Plaintiff commenced the instant action by filing a "Petition to

Modify and Confirm Arbitration Award with Damages and Interest." (R. Doc. 1). Plaintiff

"seeks to increase the arbitration award from $10,000.00 to $44,311.00, the amount of funds

[Defendant] actually received prior to the dispute." (Am. Compl. ¶ 14). In additional to legal

interest, Plaintiff seeks to recover an additional $31,760.00 for the purposes of hiring a post-

conviction attorney ($30,000) and to purchase trial, pre-trial, and post-trial criminal transcripts

($1,760). (Am. Compl. ¶¶ 15-16). Finally, Plaintiff also seeks recovery of a "complete and

unredacted copy of the attorney file Defendant made in connection with the contract to provide

2

legal services with Plaintiff." (Am. Compl. ¶ 17).  Based on the foregoing, Plaintiff asserts that

the amount in controversy is $76,071.00. (Am. Compl. ¶ 18).

On or about August 28, 2017, Defendant served an Answer on Plaintiff, which was

ultimately filed into the record on November 28, 2017. (R. Doc. 11).  Among other things,

Defendant raised certain counterclaims, including an assertion that he settled this matter "over

six months ago" through Plaintiff's former counsel, and raised certain affirmative defenses,

including lack of subject matter jurisdiction, lack of personal jurisdiction, the running of the

applicable limitation periods, and the unlawfulness of the underlying arbitration.

On August 30, 2017, Plaintiff answered Defendant's counterclaims and affirmative

defenses. (R. Doc. 9).  Among other things, Plaintiff asserts that Defendant has waived personal

jurisdiction by filing an Answer and denies that the matter had been previously settled.

On September 25, 2017, Defendant filed the instant Motion to Dismiss. (R. Doc. 10).

Defendant argues that the Court lacks subject matter jurisdiction over this action because the

amount in controversy requirement to sustain diversity jurisdiction is not satisfied. (R. Doc. 10-2

at 1-3).  Defendant further asserts that to the extent Plaintiff is seeking modification of the

arbitration award under the FAA, the filing of this action was untimely, as it was not within the

three month period allowed by 9 U.S.C. § 12. (R. Doc. 10-2 at 3-4).  Finally, Defendant argues

that to the extent Plaintiff is raising a claim for legal malpractice under Louisiana law, the filing

of this action is untimely, as it was not within the three year peremptive period allowed by La.

R.S. 9:5605. (R. Doc. 10-2 at 4-5).

Plaintiff, who was provided notice of this filing by mail, has not filed any response into

the record.

3

**II.    Law and Analysis**

**A.    Subject Matter Jurisdiction**

"Federal courts have limited jurisdiction, and a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the claim." *Crawford v. U.S. Dep't of Homeland Sec.*, 245 Fed. App'x 369, 374 (5th Cir. 2007) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  A motion to dismiss filed pursuant to Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*  "The burden of establishing subject matter jurisdiction in federal courts rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

"It is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir.2004).  Rather, the FAA authorizes a district court to consider arbitration-related matters "if the court would have jurisdiction, save for [the arbitration] agreement, over a suit arising out of the controversy between the parties." *Vaden v. Discover Bank,* 556 U.S. 49, 52 (2009) (internal quotation marks omitted) (alterations in original).  Plaintiff claims that diversity is an independent basis of jurisdiction over this matter, and there is no dispute that the parties are diverse.  The sole issue with regard to diversity jurisdiction is whether the amount in controversy requirement is satisfied.

4

A federal district court has jurisdiction to hear a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different states. 28 U.S.C. § 1332(a). Where the plaintiff has claimed, as in this case, "a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In such cases, "[t]o justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *St. Paul Reinsurance Co.*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *Allen*, 63 F.3d at 1335. Furthermore, the Fifth Circuit has held that the amount in controversy in an action to confirm, modify, or vacate an arbitration award is based on the amount demanded in the underlying arbitration, not the amount of the actual arbitration award. *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179 (5th Cir. 2016).

Here, Plaintiff specifically claims that the amount in controversy is $76,071. (Am Compl. ¶ 18). While Plaintiff was ultimately awarded only $10,000 in arbitration, the $44,311 received by Defendant for the legal work related to Plaintiff's criminal proceeding and civil forfeiture action were clearly at issue in the arbitration. (*See* R. Doc. 10-3 at 3-5).[1] While Plaintiff does not specifically cite a source of law for seeking an additional $31,760 for the purposes of hiring a post-conviction attorney ($30,000) and to purchase trial, pre-trial, and post-trial criminal transcripts ($1,760), Defendant acknowledges that Plaintiff is attempting to seek these damages through a legal malpractice claim brought under Louisiana law. (*See* R. Doc. 10-2 at 2-3). Construing his pleadings liberally, the Court concludes that in addition to the relief sought of modification of the arbitration award, Plaintiff is attempting to raise a claim for legal malpractice

---

[1] The specific amount demanded by Plaintiff at the commencement of the arbitration is unclear.

against Defendant.  Accordingly, the additional damages sought by Plaintiff pursuant to this

legal malpractice claim are considered in determining whether the amount in controversy

requirement is satisfied.

Based on the foregoing, the Court concludes that the amount in controversy is satisfied,

and the Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**B.      Timeliness of Plaintiff's Claims**

**1.      Legal Standards for Rule 12(b)(6)**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal

standard set forth in Rule 8, which requires "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a Rule 12(b)(6)

motion, a pleading's language, on its face, must demonstrate that there exists plausibility for

entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "Determining

whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009).  In determining whether it is plausible that a pleader is entitled to relief, a

court does not assume the truth of conclusory statements, but rather looks for facts which support

the elements of the pleader's claim. *Twombly*, 550 U.S. at 557.  Factual assertions are presumed

to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

If "matters outside the pleadings are presented to and not excluded by the court" in

connection with a Rule 12(b)(6) motion, Rule 12(d) instructs the Court to treat the motion as

"one for summary judgment under Rule 56."  Because the Court must rely on information

outside of the pleadings to rule on the instant motion, it should be treated as a motion for summary judgment to the extent it seeks a ruling that Plaintiff's claims are time-barred.

### 2.    Plaintiff's Claim for Modification of the Arbitration Award

Plaintiff seeks an order modifying the arbitration award pursuant to the FAA.  Such relief is available pursuant to Section 11 of the FAA. *See* 9 U.S.C. § 11.  Section 12 of the FAA, however, provides, in relevant part, the following:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney **within three months after the award is filed or delivered**. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.A. § 12 (emphasis added).

Plaintiff failed to serve Defendant in this matter within the three month period allowed under the FAA.  The arbitration award was signed on February 23, 2015. (R. Doc. 1-1).  Plaintiff commenced the instant action on January 20, 2016. (R. Doc. 1).  The record indicates that Defendant was served with a copy of the pleadings in this action on July 19, 2017. (R. Doc. 8). Plaintiff provides no evidence in opposition to the instant motion indicating that he served the required notice within three months after the award was filed or delivered.

Based on the foregoing, Plaintiff did not provide Defendant timely notice as required by Section 12 of the FAA, and Plaintiff's claims to modify the arbitration award pursuant to the FAA must be dismissed. *See Smith v. Shell Chem. Co.*, 333 F. Supp. 2d 579, 583-85 (M.D. La. 2004).

### 3.    Plaintiff's Claim for Legal Malpractice

As discussed above, Defendant does not dispute that Plaintiff is attempting to raise a legal malpractice claim under Louisiana law.  As the relief sought by Plaintiff concerns post-conviction proceedings, Plaintiff is asserting, at most, a state law claim for legal malpractice related to his criminal proceedings in Caddo Parish.

Under Louisiana law, legal malpractice claims have two peremptive periods: one-year and three-year. La. R.S. 9:5605(A).  A legal malpractice claim is perempted one year from when the plaintiff knew or should have known of the general facts underlying the claim. *Id.*  Further, regardless of actual or constructive knowledge of the basis for the claim, no legal malpractice claim can be asserted more than three years after "the date of the alleged act, omission, or neglect." *Id.*  The peremptive periods "may not be renounced, interrupted or suspended." La. R.S. 9:5605(B); *see Reeder v. North*, 701 So.2d 1291 (La. 1997).  The peremptive period for legal malpractice in a criminal proceedings runs from the date of sentencing. *See Dowell v. Hollingsworth*, 649 So. 2d 65, 68 (La. App. 1st Cir. 1994).

Judicial filings indicate that Plaintiff was convicted of second degree murder, the Second Circuit Court of Appeal affirmed his sentence on March 19, 2008, and the Louisiana Supreme Court denied his writ application on June 26, 2009. *State v. Winn*, 978 So. 2d 1239 (La. App. 2nd Cir. 2008), *writ denied*, 11 So. 3d 495 (La. 2009); *see In re Cucci*, 85 So. 3d 62, 64 (La. 2012).

Again, Plaintiff commenced this action on January 20, 2016. (R. Doc. 1).  Even if the date that the Louisiana Supreme Court denied Plaintiff's writ application is the appropriate date for calculating the preemptive period, Plaintiff's claims for legal malpractice against Defendant were not filed within the 3-year peremptive period.  Accordingly, Plaintiff's legal malpractice

claims must be dismissed. *See Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*,

No. 11-633, 2014 WL 7004032, at *2 (M.D. La. Dec. 10, 2014).

## III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (R. Doc. 10) be

**GRANTED**, and Plaintiff's claims against Defendant be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on April 30, 2018.

 

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**