UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFERY WINN                                        CIVIL ACTION

VERSUS

JOHN CUCCI                                          NO.: 16-00043-BAJ-RLB

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 12)** pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge recommended granting Defendant John Cucci's Motion to Dismiss (Doc. 10) and dismissing Plaintiff's legal malpractice claim and application to modify an arbitration award with prejudice. The Report and Recommendation notified the parties that, under 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 12). Plaintiff filed a timely objection. (Doc. 13). For the following reasons, the Court adopts the Report and Recommendation, in part.

I.  BACKGROUND

Plaintiff's suit arises from a dispute over legal fees. (Doc. 4). Plaintiff alleges that he agreed to pay Defendant John Cucci $30,000 to defend him against a 2nd degree murder charge in Caddo Parish, Louisiana, and he ultimately paid Defendant $36,270. (Doc. 4 at ¶ 2). Plaintiff also alleges that he hired Defendant to handle a

1

separate Texas civil forfeiture matter and agreed to pay one-third of the $8,041 recovered (or $2,680) to Defendant, but Defendant retained the remaining $5,361 for his own use. *Id.* at ¶ 3. In total, Defendant received $44,311 from Plaintiff. *Id.* at ¶ 4). At some point, the parties entered into arbitration under the auspices of the Louisiana State Bar Association to resolve a fee dispute arising from Defendant's legal representation. (R. Doc. 1-1). On February 23, 2015, the Arbitrator concluded that "[Defendant] should refund to [Plaintiff] the sum of $10,000.00, representing attorney's fees and expenses excessively or improperly charged to [Plaintiff]." (Doc. 1-1 at 6). Plaintiff claims, however, that Defendant has failed to pay the arbitration award. (Doc. 4 at ¶ 12).

Plaintiff filed suit on January 20, 2016, asking the Court to modify the arbitrator's award and increase the award to $76,071.00, or alternatively to confirm the arbitrator's award of $10,000 and enter judgment in favor of Plaintiff. (Doc. 1, 4 at ¶ 18). Plaintiff also brought a legal malpractice claim. The Magistrate Judge recommended granting Defendant's motion to dismiss because Plaintiff's claim to modify the arbitration award and his legal malpractice claim are time-barred. (Doc. 12 at p. 8). In Plaintiff's objection to the Report and Recommendation he, in fact, agrees that these claims are time-barred. (Doc. 13).

Plaintiff's only objection to the Magistrate Judge's Report and Recommendation is that it failed to discuss his requested alternative relief—the confirmation of his $10,000 arbitration award. (Doc. 13 at p. 3). As a result, Plaintiff asks the Court to convert the arbitration award into an enforceable judgment. *Id.*

## II. DISCUSSION

Plaintiff does not object to the Magistrate Judge's recommendation that his legal malpractice claim and application to modify the arbitration award are untimely. (Doc. 13). The Court will therefore dismiss these claims with prejudice. Plaintiff, however, correctly notes that the Magistrate Judge did not discuss whether Plaintiff's application to confirm the arbitration award should be dismissed. (*See* Doc. 10). In his Motion to Dismiss, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's petition to confirm the arbitration award because the amount in controversy is not met. (Doc. 10-2 at p. 2).

"It is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004). Rather, the FAA authorizes a district court to consider arbitration-related matters "if the court would have jurisdiction, save for [the arbitration] agreement, over a suit arising out of the controversy between the parties." *Vaden v. Discover Bank*, 556 U.S. 49, 52 (2009) (internal quotation marks omitted) (alterations in original). Plaintiff claims that diversity is an independent basis of jurisdiction over this matter, and there is no dispute that the parties are diverse. (Docs. 10, 13). The sole issue then is whether the amount in controversy is satisfied.

A federal district court has jurisdiction to hear a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different states. 28 U.S.C. § 1332(a). Where the plaintiff has claimed, as in this case, "a sum certain that exceeds the requisite amount in

controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In such cases, "[t]o justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *St. Paul Reinsurance Co.*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

The question then is whether Plaintiff's time-barred petition to modify the arbitration award and legal malpractice claim can contribute to the amount in controversy. The United States Court of Appeals for the Fifth Circuit has held that "the jurisdiction of a federal court sitting in diversity is determined as of the time of filing of the complaint" and "[s]ubsequent events such as a bar by a statute of limitations raised as a defense will not serve to deprive the court of jurisdiction." *Seafoam, Inc. v. Barrier Sys., Inc.*, 830 F.2d 62, 66 (5th Cir. 1987); *see also Johns-Manville Sales Corp. v. Mitchell Enters., Inc.*, 417 F.2d 129, 131 (5th Cir. 1969). Therefore, Plaintiff's time-barred legal malpractice claim and application to modify the arbitration award contribute to the amount in controversy. Plaintiff seeks to confirm the $10,000 award, to increase the award by $34,311.00, and seeks $31,760.00 arising from his malpractice claim, for a total amount in controversy of $76,071.00. (Do. 4 at ¶ 14-16). This exceeds the amount in controversy requirement for federal courts.

Because the Court has subject matter jurisdiction, the Court must now determine whether to grant Plaintiff's petition to confirm the arbitration award. A motion to confirm an arbitration award is a summary proceeding. *Im v. Chun*, No.

08-CV-691, 2008 WL 4238784, at *1 (S.D. Tex. Sept. 11, 2008) (citing *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). No trial or evidentiary proceeding is therefore necessary. A district court's review of an arbitration award is "extraordinarily narrow." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004). "If an [arbitration] award is rationally inferable from the facts before the arbitrator, the award must be affirmed." *Id.* at 353.

Here, Defendant does not argue that the award is not rationally inferable from the facts before the arbitrator. (*See* Doc. 10). The only remaining issue is therefore whether Plaintiff timely filed his petition to confirm the arbitration award. Under 9 U.S.C. § 9, "at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Plaintiff filed his motion to confirm the arbitration award on January 20, 2016, within the one year statutory period to file a motion to confirm the February 23, 2015, arbitration award. (*See* Doc. 1-1). Accordingly, the Court confirms the $10,000 arbitration award, and will issue a judgment accordingly.

Plaintiff also requests interest on the $10,000 arbitration award "from the date the princip[al] amount was awarded." (Doc. 4 at ¶ 15). But the arbitration award is silent about whether Plaintiff is entitled to interest from the date of the award. (Doc. 4-1). In effect, Plaintiff therefore seeks to modify the arbitration award to include interest from the date of the award. As the Magistrate Judge, however, correctly

concluded, Plaintiff's application to modify the arbitration award was untimely because Plaintiff failed to provide Defendant notice of a motion to modify the arbitration award within three months of the arbitration award, as required under the FAA. *See* 9 U.S.C. § 11. The Court will therefore not award interest from the date of the arbitration award.

By statute, though, Plaintiff is entitled to post-judgment interest. Under 28 U.S.C. § 1961, a party is entitled to post-judgment interest "on any money judgment in a civil case recovered in a district court." § 1961(a). The interest rate "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." *Id.* The weekly average 1-year constant maturity Treasury yield for the calendar week ending June 8, 2018 was 2.30%. *See Selected Interest Rates*, Board of Governors of the Federal Reserve, available at https://www.federalreserve.gov/releases/h15/. The court therefore awards Plaintiff post-judgment interest at the rate of 2.30% per annum, compounding annually, from the date of the entry of judgment against Defendant, until the date of full payment of the judgment.

Finally, Plaintiff requests costs. (Doc. 4 at ¶ 18). Rule 54(d)(1) gives rise to a presumption that "costs" should be awarded to the prevailing party. "Costs" are limited to those taxable costs listed in 28 U.S.C. § 1920—e.g., fees of the clerk and marshal, fees of the court reporter and docket fees, among other things. After the entry of judgment, a party seeking to recover taxable costs under Rule 54(d)(1) and

§ 1920 must initiate their request by filing a bill of costs. Here, Local Rule 54(c) requires the prevailing party to file a bill of costs with the Clerk of Court within 30 days of the entry of judgment. Therefore, Plaintiff's request for costs is premature. Plaintiff should file a bill of costs within 30 days after the entry of judgment per the Local Rules if he still wishes to recover costs. Because Plaintiff is incarcerated and proceeding *pro se*, the Court has attached a copy of the bill of costs form.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation, (Doc. 18)** is **ADOPED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Dismiss (Doc. 10)** is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's legal malpractice claim and application to modify the arbitration award are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Petition to Confirm the Arbitration Award is **GRANTED**. The Court will enter a Judgment accordingly.

Baton Rouge, Louisiana, this 11th day of June, 2018.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA